McGEE, Chief Judge.
Respondent appeals from the trial court's order terminating his parental rights as to his minor child K.D.M.H. We affirm.
I. Background
The Guilford County Department of Health and Human Services ("DHHS") obtained non-secure custody of K.D.M.H. on 19 April 2012, and filed a petition alleging he was an abused and neglected juvenile. The petition was based, in part, on an incident of family violence between Respondent, who is K.D.M.H.'s father, and K.D.M.H.'s mother, during which K.D.M.H. was injured. By order entered 28 January 2013, the trial court adjudicated K.D.M.H. to be an abused and neglected juvenile, and the court entered its initial disposition order on 8 October 2013. K.D.M.H.'s mother appealed, and this Court affirmed both orders. See In re K.H. , 235 N.C. App. 655, 764 S.E.2d 699 (2014) (unpublished). The trial court held a permanency planning hearing on 29 January 2015 and entered its order from that hearing on 25 February 2015, wherein it set the permanent plan for K.D.M.H. as adoption, relieved DHHS of further obligations to make reasonable efforts toward reunification of K.D.M.H. with his parents, and directed DHHS to pursue termination of parental rights.
DHHS filed a motion to terminate Respondent's parental rights on 23 October 2015, alleging: (1) neglect; (2) failure to make reasonable progress to correct the conditions that led to K.D.M.H.'s removal from Respondent's care; (3) failure to legitimate; and (4) willful abandonment. N.C. Gen. Stat. § 7B-1111(a)(1)-(2), (5), (7) (2015). After a hearing on 11 January 2016, the trial court entered an order terminating Respondent's parental rights as to K.D.M.H. on 4 February 2016.[1] The court concluded grounds to terminate Respondent's parental rights existed based on neglect, failure to make reasonable progress, and willful abandonment, and determined that termination of Respondent's parental rights was in K.D.M.H.'s best interests. Respondent appeals.
II. Analysis
Respondent's counsel has filed a no-merit brief on Respondent's behalf in which counsel states that she has "conducted a conscientious and thorough review of the Record on Appeal and all material in the underlying case files" and that, after extensive review of the relevant law, she "has concluded that this appeal presents no issue of merit on which to base an argument for relief and that the appeal is frivolous." Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), Respondent's counsel requests that this Court conduct an independent examination of the case. N.C.R. App. P. 3.1(d). In accordance with Rule 3.1(d), counsel wrote a letter to Respondent on 6 June 2016, advising Respondent of counsel's inability to find error, of counsel's request for this Court to conduct an independent review of the record, and of Respondent's right to file his own arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Counsel attached to her letter a copy of the record, the transcripts, and the brief filed by counsel. Respondent has not filed his own written arguments, and a reasonable time for him to do so has passed.
In addition to seeking review pursuant to Rule 3.1(d), counsel directs our attention to potential issues with regard to the trial court's conclusions of law on grounds to terminate Respondent's parental rights, and whether termination of Respondent's parental rights is in the best interests of K.D.M.H. After carefully reviewing the transcript and record, we agree with Respondent's counsel that the trial court's findings of fact support at least one ground for termination, and the trial court did not abuse its discretion in determining that termination of Respondent's parental rights is in K.D.M.H.'s best interests. See N.C. Gen. Stat. § 7B-1110, -1111 (2015).
III. Conclusion
We are unable to find any possible prejudicial error in the trial court's order terminating Respondent's parental rights as to K.D.M.H. Accordingly, the trial court's order is affirmed.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and DAVIS concur.

The trial court's order also terminated the parental rights of K.D.M.H.'s mother to K.D.M.H. and three other children, along with the fathers of the other children; however, they are not parties to this appeal.